The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| MARTIN DESIGNS, INC., | CASE NO. 08-60431 |
| Debtor. | ADV. NO. 10-6013 |
| JOSIAH L. MASON, | JUDGE RUSS KENDIG |
| Plaintiff, | |
| v. | |
| MARTIN MYERS, et al., | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |
| Defendants. | |

Plaintiff filed a motion to extend the discovery period an additional sixty days from the current expiration date of October 29, 2010. As a basis for the request, Plaintiff states that his expert needs to supplement his disclosures under Federal Rule of Civil Procedure 26, adopted into bankruptcy practice by Federal Rule of Bankruptcy Procedure 7026. Defendant objects to the extension, arguing that Plaintiff's actual goal is not for supplementation, but for rehabilitation, and should not be permitted.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b)(2)(F) and (H).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

In the interest of expediency, the court will truncate its analysis on the motion to extend discovery. The decision whether to extend discovery is at the discretion of the court. *See* Majewski v. Automatic Data Processing, Inc., 274 F.3d 1106 (6th Cir. 2001). Prejudice to a party is one of the few tempers to the court's latitude in this arena. *See* Polec v. Northwest Airlines, Inc. (In re Air Crash Disaster), 86 F.3d 498 (6th Cir. 1996).

This is not a case where the request is made after protracted litigation. This adversary was filed on February 10, 2010. Discovery was to initially conclude on July 15, 2010 and has been extended twice, once on Plaintiff's request and once on the joint motion of the parties. Dispositive motions are not due until November 30, 2010 and no trial is scheduled. The decisions in the cases cited by Defendant were driven by timeliness facts that are simply not present here.

Further, it appears that discovery was on-going through late October. Plaintiff's reply memorandum indicates that the deposition of Rebekah Smith was taken on October 22, 2010. Mr. Greenwald's report was produced on October 15, 2010. Because discovery was on-going right up to the current discovery cut-off, there is a potential for late developments and new evidence. Since there are no impending deadlines, the court can afford Defendant fair opportunity to respond to any supplement provided by Plaintiff's expert.

Although the court does find some merit in Defendant's position, there is a preference to reach the right decision on the merits, even if the route is more circuitous than necessary and less efficient than possible. The court will grant the extension.

An order shall be entered immediately.

#   #   #

**Service List:**

Frederick M Luper
Luper Neidenthal & Logan
50 W Broad St
#1200
Columbus, OH 43215

Alan M Koschik
Brouse McDowell, L.P.A.
600 Superior Avenue, E.
Suite 1600
Cleveland, OH 44114

Scott J Stitt
James E. Arnold & Associates
115 W. Main St.
Fourth Floor
Columbus, OH 43215